# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

MAUREEN TOFFOLONI, individually and as Administrator and Personal Representative of the ESTATE OF NANCY E. BENOIT and the ESTATE OF DANIEL BENOIT, and PAUL TOFFOLONI, individually,

Plaintiffs,

v.

PHIL CARROLL ASTIN III, M.D., DISTRIBUTOR X, DISTRIBUTOR Y, and DISTRIBUTOR Z,

Defendants.

CIVIL ACTION FILE NO.

3:09-CV-62 JTC

## COMPLAINT FOR DAMAGES

COME NOW Plaintiff Maureen Toffoloni, individually, and as Personal Representative of the Estate of Nancy E. Benoit and the Estate of Daniel Benoit; and Paul Toffoloni, individually, and file this Complaint For Damages against Defendant Phil Carroll Astin III., M.D., and Distributor X, Distributor Y, and Distributor Z, and allege the following:

## PARTIES, JURISDICTION, AND VENUE

(1)

Plaintiffs Maureen and Paul Toffoloni are residents of the State of Florida. Plaintiff Maureen Toffoloni is the duly appointed Personal Representative of the Estate of Nancy E. Benoit, deceased in Fayette County, Georgia, and the Estate of Daniel Benoit, a minor, deceased in Fayette County, Georgia. Prior to their tragic and untimely deaths, Nancy and Daniel Benoit resided in Fayette County, Georgia. Maureen and Paul Toffoloni are the mother and father of Nancy E. Benoit and the grandparents of Daniel Benoit.

(2)

Defendant Phil Carroll Astin, III, M.D. (hereinafter "Defendant Astin"), at all times relevant herein was a physician duly licensed to practice medicine in the State of Georgia. Defendant Astin is a resident of Carroll County, Georgia and can be served with summons, process, and notice of Complaint at his residence located at 532 Cedar Street, Carrollton, Georgia 30117, or the Defendant may acknowledge service.

(3)

Defendants Distributor X, Distributor Y, and Distributor Z are for profit entities doing business in the State of Georgia, the identities of which are currently unknown to Plaintiffs. Defendants Distributors X, Y, and Z, *et al.*, are manufacturers, distributors, wholesalers and/or retail sellers of certain anabolic androgenic steroids, narcotic drugs, and/or controlled substances.

(4)

Jurisdiction and venue against all Defendants are proper in this Court pursuant to diversity of citizenship as set forth in 28 U.S.C.A.§ 1332. The amount in controversy exceeds the sum of $75,000.00.

## COUNT I: WRONGFUL DEATH
(AGAINST DEFENDANT ASTIN)

(5)

Plaintiffs re-allege and incorporate by reference all allegations set forth in Paragraphs (1) through (4) as if more fully set forth herein.

(6)

During the period of June 23-25, 2007, Christopher Michael Benoit ("Benoit") killed his wife Nancy and their minor son Daniel at their residence in Fayette County,

Georgia. Shortly thereafter, Benoit committed suicide. At the time he murdered his family and of his suicide, Benoit was under the influence of CNS depressants, opioids and anabolic androgenic steroids.

(7)

Beginning at least as early as June 7, 2000, and through and including the date of his death, Benoit was under the medical treatment and care of Defendant Astin. Throughout his relationship with Benoit, Defendant Astin constantly prescribed and provided Benoit with a steady supply of CNS depressants, opioids, and anabolic androgenic steroids. According to medical records, the Defendant Astin prescribed and supplied Benoit with CNS depressants, opioids and anabolic androgenic steroids for the last time on June 22, 2007.

(8)

As a physician licensed to practice medicine in the State of Georgia, Defendant Astin owed a duty to all patients under his treatment and care, including Christopher Michael Benoit, to exercise a reasonable degree of care and skill, as under similar conditions and like circumstances, is ordinarily employed by the medical profession generally .

(9)

According to the affidavit of Dr. Gary Wadler, attached hereto as Exhibit "A," Defendant Astin was negligent in his care and treatment of Christopher Michael Benoit in the following ways:

(a)

By continuously prescribing and providing certain CNS depressants, opioids, and anabolic androgenic steroids to Christopher Michael Benoit, Defendant Astin failed to exercise the reasonable degree of care and skill, as under similar conditions and like circumstances, is ordinarily employed by the medical profession.

(b)

By failing to properly diagnose, monitor, and/or treat the direct effects the prescribed CNS depressants, opioids and anabolic androgenic steroids had on Christopher Benoit's mental, physical, emotional and/or behavioral health, Defendant Astin failed to exercise the reasonable degree of care and skill, as under similar conditions and like circumstances, is ordinarily employed by the medical profession generally.

(c)

By failing to properly diagnose, monitor, and/or treat the side effects the prescribed CNS depressants, opioids and anabolic androgenic steroids had on Christopher Benoit's mental, physical, emotional and behavioral health, Defendant Astin failed to exercise the reasonable degree of care and skill, as under similar conditions and like circumstances, is ordinarily employed by the medical profession.

(d)

By failing to properly diagnose, monitor, and/or treat the combined effects and/or interaction the prescribed CNS depressants, opioids and anabolic androgenic steroids had on Christopher Benoit's mental, physical, emotional and/or behavioral health, Defendant Astin failed to exercise the reasonable degree of care and skill, as under similar conditions and like circumstances, is ordinarily employed by the medical profession.

(e)

By failing to fully and properly inform, advise and/or warn Christopher Benoit of the potentially dangerous and lethal effects of the prescribed CNS depressants, opioids and anabolic androgenic steroids, Defendant Astin failed to exercise the

reasonable degree of care and skill, as under similar conditions and like circumstances, is ordinarily employed by the medical profession.

(f)

By failing to fully and properly inform, advise and/or warn Christopher Benoit of the potentially dangerous and lethal interaction between the prescribed CNS depressants, opioids and anabolic androgenic steroids, Defendant Astin failed to exercise the reasonable degree of care and skill, as under similar conditions and like circumstances, is ordinarily employed by the medical profession.

(10)

Defendant Astin's negligence in continuously prescribing certain CNS depressants, opioids and anabolic androgenic steroids to Christopher Benoit, directly and proximately caused Christopher Benoit's mental, physical, emotional and/or behavioral health to deteriorate to the extent that he killed his wife Nancy and son Daniel, and shortly thereafter, committed suicide.

(11)

Defendant Astin's negligence in failing to properly diagnose, monitor, and/or treat the direct effects of the prescribed CNS depressants, opioids and anabolic androgenic steroids, directly and proximately caused Christopher Benoit's mental,

physical, emotional and/or behavioral health to deteriorate to the extent that he killed his wife Nancy and son Daniel, and shortly thereafter, committed suicide.

(12)

Defendant Astin's negligence in failing to properly diagnose, monitor, and/or treat the side effects of the prescribed CNS depressants, opioids and anabolic androgenic steroids directly and proximately caused Christopher Benoit's mental, physical, emotional and/or behavioral health to deteriorate to the extent that he killed his wife Nancy and son Daniel, and shortly thereafter, committed suicide.

(13)

Defendant Astin's negligence in failing to properly diagnose, monitor, and/or treat the combined effects and/or interaction of the prescribed CNS depressants, opioids and anabolic androgenic steroids directly and proximately caused Christopher Michael Benoit's mental, physical, emotional and/or behavioral health to deteriorate to the extent that he killed his wife Nancy and son Daniel, and shortly thereafter, committed suicide.

(14)

Defendant Astin's negligence in failing to fully and properly inform, advise and/or warn Christopher Benoit of the potentially dangerous and lethal effects of the

prescribed CNS depressants, opioids and anabolic androgenic steroids directly and proximately caused Christopher Benoit's mental, physical, emotional and/or behavioral health to deteriorate to the extent he killed his wife Nancy and son Daniel, and shortly thereafter, committed suicide.

(15)

Defendant Astin's negligence in failing to fully and properly inform, advise and/or warn Christopher Benoit of the potentially dangerous and lethal interaction between the prescribed CNS depressants, opioids and anabolic androgenic steroids directly and proximately caused Christopher Benoit's mental, physical, emotional and/or behavioral health to deteriorate to the extent he killed his wife Nancy and son Daniel, and shortly thereafter, committed suicide.

(16)

As a result of Defendant Astin's negligence, Plaintiffs, individually, as the parents and grandparents of the decedents, are entitled to recover for the wrongful death of Daniel Benoit and Nancy E. Benoit, and to recover the full value of the lives of each decedent.

## COUNT III: WRONGFUL DEATH
(AGAINST DEFENDANTS DISTRIBUTORS X, Y, AND Z)

(17)

Plaintiffs re-allege and incorporate by reference all allegations set forth in Paragraphs (1) through (16) as if more fully set forth herein.

(18)

Upon information and belief, Defendants Distributor X, Distributor Y, and Distributor Z are manufacturers, distributors, wholesalers and/or retail sellers of certain anabolic androgenic steroids, prescription drugs, and/or controlled substances.

(19)

Upon information and belief, Defendants Distributor X, Distributor Y, and Distributor Z sold and distributed certain anabolic androgenic steroids, prescription drugs, and/or controlled substances to Christopher M. Benoit in the State of Georgia without a legitimate and authentic prescription drug order.

(20)

Upon information and belief, Defendants Distributor X, Distributor Y, and Distributor Z sold and distributed certain anabolic androgenic steroids, prescription

drugs, and/or controlled substances to Christopher M. Benoit in the State of Georgia without a valid patient-prescriber relationship.

(21)

As manufacturers, distributors, wholesalers and/or retail sellers, Defendants Distributor X, Distributor Y, and Distributor Z knew, or should have known, that selling and distributing certain anabolic androgenic steroids, prescription drugs, and/or controlled substances without a legitimate and authentic prescription drug order would cause a threat to the health, safety and welfare of the public, including Daniel Benoit, Nancy E. Benoit and Christopher M. Benoit.

(22)

As manufacturers, distributors, wholesalers and/or retail sellers, Defendants Distributor X, Distributor Y, and Distributor Z knew, or should have known, that selling and distributing certain anabolic androgenic steroids, prescription drugs, and/or controlled substances without a valid patient-prescriber relationship would cause a threat to the health, safety and welfare of the public, including Daniel Benoit, Nancy E. Benoit and Christopher M. Benoit.

(23)

By selling and distributing certain anabolic androgenic steroids, prescription drugs, and/or controlled substances to Christopher M. Benoit without a legitimate and authentic prescription drug order, Defendants Distributor X, Distributor Y, and Distributor Z directly and proximately caused Christopher M. Benoit's mental, physical, emotional and/or behavioral health to deteriorate to the extent that he killed his wife Nancy and son Daniel, and shortly thereafter, committed suicide.

(24)

By selling and distributing certain anabolic androgenic steroids, prescription drugs, and/or controlled substances to Christopher M. Benoit without a valid patient-prescriber relationship, Defendants Distributor X, Distributor Y, and Distributor Z directly and proximately caused Christopher M. Benoit's mental, physical, emotional and/or behavioral health to deteriorate to the extent that he killed his wife Nancy and son Daniel, and shortly thereafter, committed suicide.

(25)

As a result of the negligence of Defendants Distributor X, Distributor Y, and Distributor Z, Plaintiffs are entitled to recover damages for the wrongful death of Daniel Benoit, Nancy E. Benoit and Christopher M. Benoit.

## COUNT IV: CLAIM OF ADMINISTRATORS FOR PAIN AND SUFFERING, FINAL EXPENSES, AND PUNITIVE DAMAGES
(AGAINST ALL DEFENDANTS)

(26)

Plaintiffs re-allege and incorporate by reference all allegations set forth in Paragraphs (1) through (25) as if more fully set forth herein.

(27)

Based on the negligence and wrongful conduct detailed herein, Plaintiff Maureen Toffoloni, in her capacity as Personal Representative of the Estate of Nancy E. Benoit and the Estate of Daniel Benoit, is entitled to recover from all Defendants the final expenses, including funeral expenses, incurred on behalf of Nancy E. Benoit and Daniel Benoit.

(28)

Based on the negligence and wrongful conduct detailed herein, Plaintiff Maureen Toffoloni, in her capacity as Personal Representative of the Estate of Nancy E. Benoit and the Estate of Daniel Benoit, is entitled to recover from all Defendants compensatory damages for the fear, shock, mental and emotional trauma, and extreme pain and suffering endured by Nancy E. Benoit and Daniel Benoit prior to their deaths, in an amount to be proven at trial.

(29)

At all times relevant herein, Defendants' conduct showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences such that an award of punitive damages is authorized.

(30)

Based on the foregoing, Plaintiffs are entitled to recover compensatory and punitive damages from all Defendants, jointly and severally, in amounts to be determined by the enlightened consciences of an impartial jury.

WHEREFORE, Plaintiffs respectfully pray:

(1) That service be had upon all Defendants as provided by law, requiring Defendants to appear and answer Plaintiffs' Complaint;

(2) That this Court enter a judgment in favor of Plaintiffs as compensation for the full value of the lives of decedents Nancy E. Benoit and Daniel Benoit;

(3) That this Court enter a judgment in favor of Plaintiffs for compensatory and punitive damages in an amount to be proven at trial and awarded by a jury;

(4) That Plaintiffs have a trial by jury of twelve as to all issues so triable; and

(5) That Plaintiffs have such other and further relief as is just and proper.

Respectfully submitted this 9th day of June, 2009.

_____
RICHARD P. DECKER
State Bar of Georgia No. 215600