# EXHIBIT A

COUNTY OF NASSAU

STATE OF NEW YORK

**AFFIDAVIT OF GARY I. WADLER, M.D., FACP, FACSM, FACPM, FCP**

Personally appeared before me, the undersigned authority, Gary I. Wadler, M.D., FACP, FACSM, FACPM, FCP who after being sworn, deposes and states under oath as follows:

(1)

My name is Gary I. Wadler, M.D., FACP, FACSM, FACPM, FCP. I am over the age of 21 years of age and suffer from no legal disabilities. I certify that, to the best of my knowledge and belief, all the information herein is true, correct, complete and made in good faith.

(2)

I received my medical degree from Cornell University Medical College, located in New York, New York in 1964. I received my post-graduate training in the area of Internal Medicine at New York Hospital, located in New York, New York and North Shore University Hospital, located in Manhasset, New York.

I am a Fellow of the American College of Physicians, the American College of Sports Medicine, the American College of Preventative Medicine, and the American College of Clinical Pharmacology.

I am licensed to practice medicine in the State of New York. I am board-certified in the area of Internal Medicine. I hold hospital privileges at North Shore University Hospital, located in Manhasset, New York. I am currently engaged in private practice in Manhasset, New York in the specialities of Internal Medicine and Sports Medicine.

A copy of my Curriculum Vitae is attached hereto as Exhibit "A".

(3)

I am familiar with the standards of care that govern the conduct of medical doctors generally, including those practicing in the speciality of Internal Medicine. I am familiar with the accepted practices and procedures, as well as the standards of care, that govern physicians generally.

(4)

I have reviewed the records of Dr. Phillip Carroll Astin, III., M.D. (hereinafter "Astin") relating to the care and treatment of Christopher Michael Benoit (hereinafter "Benoit") during the period of June 7, 2000 through June 23, 2007. A true and correct copy of all the records reviewed by me are attached to this Affidavit as Exhibit "B".

(5)

It is my opinion, to a reasonable degree of medical certainty and medical probability, that Astin was negligent in his care and treatment of Benoit during the period of June 7, 2000 through June 23, 2007, in that he failed to exercise that degree of skill, care, and learning ordinarily exercised by a physician, generally.

**(6)**

It is my opinion, to a reasonable degree of medical certainty and medical probability, that Astin was negligent in his care and treatment of Benoit during the period of June 7, 2000 through June 23, 2007, by prescribing narcotic pain medication, a muscle relaxant and anabolic androgenic steroids to Benoit, and not properly diagnosing a legitimate medial purpose(s) for Benoit's use of such drugs.

**(7)**

It is my opinion, to a reasonable degree of medical certainty and medical probability, that Astin was negligent in his care and treatment of Benoit during the period of June 7, 2000 through June 23, 2007, by prescribing narcotic pain medication, a muscle relaxant and anabolic androgenic steroids to Benoit, and not properly monitoring the direct effects of Benoit's use of such drugs, the side effects of Benoit's use of such drugs, and the combined effects and/or interaction of Benoit's use of such drugs.

**(8)**

It is my opinion, to a reasonable degree of medical certainty and medical probability, that Astin was negligent in his care and treatment of Benoit during the period of June 7, 2000 through June 23, 2007, by prescribing narcotic pain medication, a muscle relaxant and anabolic androgenic steroids to Benoit, and not properly treating the direct effects of Benoit's use of such drugs, the side effects of Benoit's use of such drugs, and the combined effects and/or interaction of Benoit's use of such drugs.

**(9)**

It is my opinion, to a reasonable degree of medical certainty and medical probability, that Astin was negligent in his care and treatment of Benoit during the period of June 7, 2000 through June 23, 2007, by prescribing narcotic pain medication, a muscle relaxant and anabolic androgenic steroids to Benoit, and by not fully and properly informing, advising, and/or warning Benoit of the potentially dangerous and lethal direct effects, and side effects of using such drugs, and the combined effects and/or interaction of using such drugs.

**(10)**

It is my opinion, to a reasonable degree of medical certainty and medical probability, that Astin was negligent in his care and treatment of Benoit during the period of June 7, 2000 through June 23, 2007, and that such negligence caused Benoit's mental, physical, emotional and/or behavioral health to deteriorate to the extent that he suffered from one of more psychoses, which led to extreme behavior such that he killed his wife Nancy and son Daniel, and shortly thereafter, committed suicide.

**(11)**

It is my opinion, to a reasonable degree of medical certainty and medical probability, that if Astin not been negligent in his care and treatment of Benoit during the period of June 7, 2000 through June 23, 2007, Benoit's mental, physical, emotional and/or behavioral health would not have deteriorated to the extent that Benoit killed his wife Nancy and son Daniel, and shortly thereafter, committed suicide.

(12)

My opinions, as set forth herein, are within a reasonable degree of medical certainty and medical probability.

FURTHER AFFIANT SAYETH NOT.

_____  　　　　　_2/24/09_____
GARY I. WADLER, M.D., FACP,　　　　　　　DATE
FACSM, FACPM, FCP


Sworn to and subscribed before me
this 24TH day of FEBRUARY, 2009.

_____
Notary Public (Affix Seal and
Expiration Date)

STEVEN CHUDYK
Notary Public, State of New York
No. 4769194
Qualified in Suffolk County
Commission Expires 12/31/2010